UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3131 |
| | ) | |
| GOVERNOR PAT QUINN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, filed this case from his incarceration in Big Muddy Correctional Center. He has since been released, but the Court is still required to conduct a merit review of the Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is pursuing a separate case before this Court arising from allegations that Plaintiff was terminated from a substance abuse program in prison for Plaintiff's complaints about alleged fraud in the program. Shehadeh v. Godinez, et al., 13-CV-3103 (C.D. Ill.). This case also arises from that termination but involves later retaliation and the alleged refusal or failure of state officials to properly investigate Plaintiff's reports of the fraud.

In particular, Plaintiff alleges that the Office of Inspector General, the Department of Human Services, Governor Quinn, Lieutenant Governor Sheila Simon, Central Management Services, and their respective employees, refused to investigate Plaintiff's allegations of illegal conduct or conducted incompetent investigations.

However, no federal law imposes a duty on state actors to initiate or investigate complaints of illegal activity. *See, e.g.,* DeShaney v. Winnebago County Dept. of Social Serv., 489 U.S. 189 (1989)(no federal constitutional duty to protect child after officials received complaints of child abuse). To the extent state law imposes such a duty, federal courts are not enforcers of state law. Simmons v. Gillespie, 712 F.3d 1041, 1044 (7th Cir. 2013)( "The

Constitution does not require states to ensure that their laws are implemented correctly.")  And, refusing to investigate or correct the alleged constitutional violations of subordinates is not a ground for imposing liability on supervisors.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

    Plaintiff also alleges that responses to his state law Freedom of Information Act requests were either delayed or denied, but no federal claim arises from this allegation either.  To the extent Plaintiff does have a remedy based on the State's FOIA act, 5 ILCS 140/9, et seq., he must pursue it in state court.  Similarly, Plaintiff's allegations that an Illinois Assistant Attorney General wrongly disclosed confidential documents in a state court proceeding does not state a federal claim.  Plaintiff's remedy for

improper advocacy in state court is to file an appropriate motion in the state court proceeding or to pursue whatever legal remedies Plaintiff has under state nondisclosure laws.

However, Plaintiff does state a constitutional claim arising from his allegation that his security risk level was increased and he was transferred to a higher security prison in retaliation for his complaints. Plaintiff had a protected First Amendment right to report what he believed to be fraudulent activity and his mistreatment in prison. *See* Pell v. Procunier, 417 U.S. 817, 822 (1974)("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); Watkins v. Kasper, 599 F.3d 791, 798 (7th Cir.2010)("A prisoner has a First Amendment right to make grievances about conditions of confinement."). He cannot be retaliated against for exercising that right. Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996). Defendants Boyd, Pierce, Funk and Behrends were allegedly personally involved in the transfer decision. Additionally, Defendant Russell allegedly continued the retaliation by taking or

threatening adverse action against Plaintiff if Plaintiff filed grievances.  Accordingly, the retaliation claims will proceed.

**IT IS THEREFORE ORDERED:**

    **1)**    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim that the following Defendants retaliated against Plaintiff for the exercise of Plaintiff's First Amendment rights or otherwise chilled Plaintiff's exercise of his First Amendment rights:  Defendants Boyd, Pierce, Funk, Behrends, and Russell.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    **2)**    The following Defendants are dismissed for failure to state a claim against them:  Pat Quinn, Sheila Simon, Ricardo Meza, Cole Kain, Kristy Shores, Michelle Saddler, Joe Lokaitis, Patricia Brown, Lisa Madigan, Jerrod Williams, Malcolm Weems, Salvador Godinez, Zachary Roeckeman, Robert Craig, Angela Windsor, Ty Bates, Russell, Sherry Benton, and Community Education Centers, Inc.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

11)  **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

 ENTERED:   January 8, 2014

FOR THE COURT:

                                      __s/Sue E. Myerscough__
                                      SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE